Whaley, Judge,
delivered the opinion of the court:
The plaintiff entered into a written contract with the Navy Department to construct four marine barracks buildings at Quantico, Virginia, and to furnish all material therefor. The contract and specifications were drawn by the defendant. During the progress of the work the defendant instructed and ordered the plaintiff to furnish and erect glazed vitrified fire-clay tile in certain rooms and refused to permit the plaintiff to furnish vitrified fire-clay tile.
The plaintiff protested that the specifications and alternative A did not require glazed vitrified fire-clay tile, but the contracting officer overruled the protest and required the plaintiff to proceed with the work under penalty of having the contract cancelled.
The sole question for decision is what was required under the contract, specifications, and alternative A. The material provisions for the presentation of this question are fully set out in the findings, so we find no necessity to repeat them. The specifications (6-03) provide for glazed vitrified tile wainscots, five feet high to be flush with the plaster on all walls, partitions, columns, mess hall, kitchen, rest rooms, and storerooms and that the tile wainscots shall be continuous back of the counter and shelves. Provision is made for the color of the tiles in the wainscots and how they should be erected in minutest detail. It will be seen from this description that the plan, as delineated in the specifications, was to have a wainscot of glazed tiles five feet around the rooms and columns, and plaster and woodwork over the rest of the work. The alternative A called for the substitution of vitrified fire-clay tile for the plaster and woodwork in certain locations and for this substitution the plaintiff in his bid added the sum of $63,000.
The evidence shows that in the building trade there is a well-defined difference between “ vitrified fire-clay tile ” and “ glazed vitrified fire-clay tile.” The distinction is not only in the cost of the tile but also in the handling. There is no mention in alternative A of glazed tiles. The defendant contends that the provision in this alternative “ vitrified clay tiles and the method for erecting them shall conform to the *808 applicable requirements of section 6 ” refers to the class of tile and, as glazed tiles are named in section 6 for the wainscots, when the two sections are read together the contract could mean only glazed tiles were called for under the alternative. We can see no reason for such a strained construction of the plain words of the contract. The reference to section 6 was applicable to the method of erection of the tiles and cannot possibly be construed to mean the class of tile to be used. Its plain meaning is that the vitrified tiles should be erected in the same method as prescribed for the glazed vitrified tiles. There was no detailing of the method of erection of the unglazed tiles, only a reference back to the detailed method prescribed in the specifications for the glazed tile.
It is a significant fact that by the use of glazed tiles over the entire wall surface the wainscots provided for in the contract were omitted. The evidence shows, and we have so found in the findings of fact, that the wainscots were to be made of glazed tiles and the upper walls of unglazed tiles. By the elimination of the wainscots a material change was made in the contract. There is no provision for the elimination of the wainscots, nevertheless the contracting officer required the plaintiff to furnish only glazed tiles for the entire surface. But there was no useful objective to be attained in having wainscots when the entire wall was to be glazed tile. The wainscots were subject to daily contact and having them of glazed tile permitted quick cleaning and the attainment of ornamentation and sanitation.
From a fair construction of the contract and its alternative it is apparent that the desired objective when it was drawn by the Government was to provide glazed tile wainscots with the upper wall of unglazed tile. To provide glazed tiles for the entire surface of the walls was a useless and wasteful extravagance which should not be imputed to the Government official who prepared the plans and specifications.
The defense is made that no change order was demanded by or issued to the contractor as required by the terms of the contract when changes were made. The inconsistency of this defense is apparent. The contracting officer and his *809 superior officer ruled, tbe contract provided for the glazed tiles. The contractor was ordered to furnish and erect the glazed tiles under the terms of the contract. A futile act is not required of the contractor. The plaintiff consistently has preserved its rights. The requirement by the defendant that glazed tiles be furnished was outside of the terms of the contract. The plaintiff is entitled to recover the additional cost to it of furnishing and erecting the glazed tiles instead of the unglazed tiles.
The plaintiff is entitled to a judgment for $77,826.72. It is so ordered.
Williams, Judge; LittletoN, Judge; Geeen, Judge; and Booth, Chief Justice, concur.